■ MAMRE F. BRETSCHGER et al., Respondents, v HOME LIFE INSURANCE COMPANY, Appellant. — Judgment reversed, without costs, and new trial granted. All concur, Cardamone, J.P., not participating. Memorandum: Plaintiff Mamre F. Bretschger seeks to recover payment of the face amount of an insurance policy issued on the life of her former husband and payable to her. The insured died on May 11, 1977. Defendant has refused payment contending that the policy terminated for nonpayment of premiums before his death. Admittedly, the premium due February 4, 1977 was not paid until May 4, 1977, and the insurance contract provided that any policy on which the premium remained unpaid during a 31-day grace period would immediately terminate except as to the nonforfeiture and reinstatement provisions. Plaintiff contends, and the trial court implicitly found, that plaintiff was entitled to the benefit of the longer one-year grace period provided by subdivision 1 of section 151 of the Insurance Law unless defendant proved delivery of the notice required by that section. The court found further that defendant had failed to establish that the required notice of premium due the insured was given and therefore that the policy had not lapsed. Accordingly, it granted judgment to plaintiff, with interest and costs. The provisions of section 151 apply to insurance policies "delivered or issued for delivery" in New York State. Thus, plaintiff had the burden of proving that the policy was physically delivered in New York before she was entitled to the benefit of the statute's provisions (see *Zogg v Penn Mut. Life Ins. Co.,* 276 F2d 861, 865). Although defendant contended at trial that plaintiff's proof was insufficient, it failed to raise this specific objection at that time when the facts could have been resolved. That being so, we might properly hold that defendant has waived this ground for appeal (see CPLR 4401; 4 Weinstein-Korn-Miller, NY Civ Prac, par 4401:09; 10 Carmody-Wait 2d, NY Prac, § 70:300). In the interest of justice, however, we reverse the judgment and remand the matter for a new trial at which plaintiff may offer proof of delivery in New York if such proof is available. (Appeal from judgment of Erie Supreme Court, Denman, J. — life insurance — notice of termination.) Present — Cardamone, J.P., Simons, Hancock, Jr., Doerr and Schnepp, JJ.